IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBBI JENKINS, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-0538 |
| | § | |
| GARY EISNER INTERESTS, INC., | § | |
| D/B/A ANSWER FIRST, | § | |
|     Defendant. | § | |

**ORDER DENYING MOTION TO DISMISS FOR
LACK OF SUBJECT MATTER JURISDICTION**

On May 26, 2005, the parties consented to proceed before a United States Magistrate Judge, for all further proceedings, including trial and entry of final judgment, under 28 U.S.C. § 636(c). (Docket Entry # 13). In this lawsuit, Plaintiff Debbi Jenkins ("Plaintiff," "Jenkins") claims that her former employer, Gary Eisner, and his company, Gary Eisner Interests, Inc. ("Defendants"), refused to pay overtime compensation, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* (Plaintiff's First Amended Complaint at ¶ 6, Docket Entry # 21). The parties agree, and the law is clear, that the FLSA provides coverage to only those employees engaged in interstate commerce. *See Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 1981); 29 U.S.C. §§ 203, 207(a)(1).

Defendants have filed a motion to dismiss the claims against them, under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. (Motion to Dismiss for Lack of Subject Matter Jurisdiction ["Motion"], Docket Entry # 16). In a Rule 12(b)(1) inquiry, the plaintiff bears the burden to show that the court has jurisdiction to entertain her claims. *Santos v. Reno*, 228 F.3d 591, 594 (5th Cir. 2000); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.

1998).  If the plaintiff cannot meet this burden, and "it appears that the subject matter jurisdiction is lacking," then the court is required to dismiss the case, without reaching the merits.  *Stockman*, 138 F.3d at 151; *see Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994).  To assess whether jurisdiction exists, the court may choose to look at any of the following:

> (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989); *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  Here, the court has considered the Complaint and the undisputed facts in the record, and concludes that the court has jurisdiction over Jenkins' claim.

In this motion, Defendants argue that Plaintiff is not entitled to the protections of the FLSA, because she was not "engaged in interstate commerce," a statutory requirement.  (Motion at ¶¶ 8, 9).  Plaintiff has submitted evidence in the form of an affidavit in which she contends that "her work involved the continued use of the telephone for communication across State lines."  (*See* Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction at ¶ 2, Docket Entry # 17).  She insists that, while employed by Defendants, she and her co-workers "communicate[d] over the telephone with individuals outside the State of Texas at least fifteen (15) times per week."  (*Id.* at ¶ 3 and Exhibit A: Affidavit of Debbi Jenkins).

The Code of Federal Regulations provides that "employees whose work involves the continued use of the interstate . . . telephone . . . across State lines are covered by the [A]ct."  29 C.F.R. § 776.10(b).  Plaintiff has now presented evidence that she did such work, and Defendant has not controverted that proof, in any way.  As it is well settled that "the employer bears the burden of

proving exempt status," Defendants' motion must be denied. *Owsley v. San Antonio Independent School Dist.*, 187 F.3d 521, 523 (5th Cir. 1999). In fact, "[t]he employer's claim of exemption must be construed narrowly and in favor of the employee." *Id.* (citing *Brennan v. Greene's Propane Gas Serv., Inc.*, 479 F.2d 1027, 1032 (5th Cir. 1973)). Defendants' motion to dismiss, for lack of subject matter jurisdiction, is DENIED.

**Conclusion**

Based on the foregoing, it is **ORDERED** that Defendants' motion to dismiss, under Federal Rule of Civil Procedure 12(b)(1), is **DENIED.**

The Clerk of the Court shall enter this order and provide a true copy to all counsel of record.

SIGNED at Houston, Texas, this 25th day of August, 2005.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**